**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HOSSAIN SHAHADHAT,

     Petitioner,

v.

WARDEN, Cibola County Correctional Center; DIRECTOR, El Paso Field Office for the United States Immigration and Customs Enforcement and Removal Operations Field Office; SECRETARY, Department of Homeland Security; TODD LYONS, Acting Director Immigration and Customs Enforcement; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

     Respondents.

Case No. 1:26-cv-00696-MIS-SCY

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Hossain Shahadhat's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 6, 2026. Respondents Secretary of the Department of Homeland Security, Pamela Bondi, and Todd M. Lyons ("Federal Respondents"),[1] filed a Response on March 20, 2026, ECF No. 7.

Petitioner is a citizen of Bangladesh who entered the United States without inspection in February, 2025, was apparently arrested the day he arrived, and has been in Immigration and Customs Enforcement custody ever since. See Pet. ¶¶ 6, 30, 32, ECF No. 1. Petitioner was placed

---

[1] Respondent Warden of Cibola County Correctional Center did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

in expedited removal proceedings and has not been afforded a bond hearing. Id. ¶¶ 2, 4, 5. Petitioner filed an asylum application while in custody, which was denied. Id. ¶¶ 31, 33. Petitioner's timely appeal remains pending. Id. Petitioner brings this Petition based on his prolonged detention without a bond hearing. Id. ¶¶ 2-4.

In their response, Respondents assert the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention," Resp. at 2, ECF No. 7. Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026).

Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall

not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Furthermore, and in the alternative, the Court finds this case materially indistinguishable from Khan v. Noem, Case No. 2:26-cv-00315-MIS-GJF (D.N.M. Mar. 18, 2026). In that case, the petitioner had been held for over eight months without a bond hearing. Id. at 2. This Court found that, under Zadvydas v. Davis, 533 U.S. 678 (2001), the petitioner was entitled to release because the presumptively reasonable six-month period for detention elapsed, the petitioner provided good reason to believe there was no significant likelihood of removal in the reasonably foreseeable future, and the government failed to present evidence sufficient to rebut that showing. Id. at 4-6. These circumstances are the same. The six-month presumptive period has elapsed, Pet. ¶ 4, ECF No. 1, Petitioner's asylum-application appeal means there is not a significant likelihood of removal in the reasonably foreseeable future, see id. ¶ 41, and the government provided no evidence to the contrary, see generally Resp., ECF No. 7. Petitioner is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3). Khan, Case No. 2:26-cv-00315-MIS-GJF at 6.

Finally, the Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Hossain Shahadhat's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

3.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.      Respondents **SHALL** file a Notice of Compliance with this Order; and

6.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE